IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IOU CENTRAL, INC. | : | |
| d/b/a IOU FINANCIAL, INC | : | |
| | : | |
|     Plaintiff, | : | |
| vs. | : | |
| | : | CASE NO. |
| FUNDRACER, LLC, D/B/A | : | |
| COLOR FOR SALE, THE | : | |
| GREAT INFLATABLE RACE; | : | |
| KENNETH EUGENE RICHARDON; | : | |
| JANAE LYNN RICHARDSON; | ; | |
| K&J INTERNATIONAL, INC.; | : | |
| K&J REALTY, LLC; | : | |
| | : | |
|     Defendants | : | |

## **COMPLAINT**

Plaintiff IOU sues the Defendants as follows:

1.     Plaintiff is incorporated in Delaware, whose principal place of business is located in Georgia, a citizen of both states per 28 U.S.C. § 1332

2.     Defendant Fundracer [Business], organized in Utah, was dissolved on 5/26/21, whose members are Kenneth and Janae Richardson [Debtors] domiciled in and citizens of Utah and whose other member was K&J International [KAJI] incorporated in Utah, its principal place of business, also dissolved by 5/26/21. Defendant K&J [KAJ] is an LLC whose members are the Debtors.

1

3.      Debtors are officers, owners or agents of the other Defendants with authority to act or them and for each other, such as the transactions at issue.

4.      Per § 1332, jurisdiction exists in this case based upon diversity of citizenship between the parties and the amount in controversy exceeds $76,000.00, such as relief in law or equity. Per § 1367, jurisdiction exists over all claims.

5.      This litigation concerns debt, property and relief valued in excess of $76,000.00, including damages and fees recoverable by contract and statute.

6.      Under 28 U.S.C. § 1391 and § 90, venue is proper as a substantial part of the events or omissions giving rise to the claims occurred here or Defendants consented to this venue and personal jurisdiction here to which they are subject. The Loan at issue and its governing instruments stipulate they were applied for, considered in, funded from and due to be performed in Georgia. They are governed by Georgia law, applicable to all claims at issue, which may be enforced here or in Georgia, which waive defenses of personal jurisdiction and venue, as Business and Debtors agreed, who subjected themselves to jurisdiction in either forum with their property and assets. The other Defendants are related to Debtors and Business and bound by the loan instruments, linked to them by virtue of their common ownership, offices, similar operations and other conduct in which they participated. It was foreseeable that the other Defendants would be bound by the Instruments,

2

per their terms, whose rights derive from Business and Debtor, as detailed below. Defendants obtained a similar loan with Plaintiff, Loan No. 137002.

7.      Since 2012, Debtors, Business, KAJI and KAJ conducted their Utah business as their enterprise, sharing their offices, officers, staff, property and assets and conducted similar businesses, such as real estate investment and event management. All businesses were operated from residences of Debtors and owed by Debtors alone or Business was owned by KAJI  and Debtors and operated from property owned by KAJ, 3046 Van Buren Avenue, Ogden UT 84403.

8.      Business, KAJI and Debtors, applied for a commercial loan [Loan] at Plaintiff's Georgia office, who represented in the application process that Debtors could bind the Business and KAJI, had the ability and intent to comply with the Loan; whose application information was truthful, upon Plaintiff materially relied, of which they assumed, adopted and ratified. Debtors and Business did not disclose any impending failure of Business to Plaintiff. Business was also represented to be owned in part by KAJI, also later dissolved on or about 5/26/21.

9.      On or about 2/3/20 [Closing] Business, through Debtors, executed and delivered a Note to Plaintiff for a gross loan amount/principal sum of $315,000.00, at its office, in exchange for its Funds, with a loan guaranty fee, confirming all

information in the loan application process which Business and Debtors assumed, adopted and ratified [Note ¶ 1-5].

10.    The Note is breached and in default if (i) its amounts are not received when due; (ii) Business breaches its warranties, representations, covenants, terms or conditions (iii) default under any guaranty or instrument, to enhance the Loan's underwriting; a bankruptcy, insolvency or receivership proceeding is commenced by or as to Business and not dismissed within 30 days (iv) Business ceases to exist (v) obtains another loan without written permission [Note ¶ 6].

11.    The Note is Business's unconditional legal obligation to satisfy the Loan, with all others who become liable for its amounts due, such as the other Defendants, who waived any defenses to it, aside from payment, which states:

> *Borrower and all others who become liable for the payment of all or any part of the amounts due under this Note* [emphasis added] do hereby severally waive: (i) presentment and demand for payment; (ii) notice of dishonor, protest and notice of protest and non-payment and all other notices of any kind, except for notices expressly provided for in this Note; and (iii) any defense of the statute of limitations in any action or proceeding brought for the collection of the amounts due under this Note. [Note ¶13]

> Borrower is and shall be obligated to pay principal, interest and any other amounts which shall become payable hereunder *absolutely and unconditionally and without any abatement, postponement, diminution or deduction and without any reduction for counterclaim or setoff* [emphasis added] [Note ¶14]

4

12.     The Note is governed by Georgia law and stipulates to jurisdiction and venue in Georgia or any forum in any action arising out of or relating to it, including all claims at issue [Note ¶¶ 20, 23, 24] which Defendants assumed, adopted and ratified.

13.     The property and assets of Business, with all others who become liable per the Note, are encumbered as its collateral under a Security Agreement in the Note, which Defendants assumed, adopted and ratified, which provides:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance

receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation thereto [Note ¶ 21].

14.     The Note and Security Agreement are enforceable by remedies such as but not limited to repossession, replevin, judicial foreclosure or prejudgment or provisional remedies relating to any collateral, security or property interests of Business and Debtors for debt owed under the Loan [Note ¶ 25].

15.     On or about the Closing, Debtors executed and delivered Guarantees of the Note and Security Agreement to Plaintiff's Georgia office, again confirming all information in the loan application process which Debtors and Business ultimately assumed, adopted and ratified [Guarantees p. 1].

16.     The Guarantees are breached and in default based upon breach of and default on their terms or any breach of and default on the Note [Guarantees p. 1].

17.     The Guarantees are the unconditional legal obligations of Debtors to satisfy the Loan, with all others who become liable for it, with their estates, executors, administrators, heirs, successors and assigns, such as KAJ and KAJI, who waived defenses to the Loan aside from payment, which state:

In consideration of the loan made by Lender to Borrower, Guarantor hereby *absolutely and unconditionally guarantees both payment of,*

*and collection of, the Guaranteed Debt when due under the terms of the Note. Guarantor will pay the Guaranteed Debt in full, without setoff or counterclaim upon Lender's demand*. [emphasis added] This Guaranty shall not be affected by the genuineness, validity, regularity or enforceability of the Note, or by circumstances relating to the Note that *might otherwise constitute a defense to this Guaranty*. Guarantor acknowledges that there may be more than one Guarantor of the Guaranteed Debt and agrees that, in such circumstances, each Guarantor shall be joint and severally liable for the Guaranteed Debt. [Guaranty ¶ 2].

This Guaranty is a *continuing and irrevocable* guaranty of the Guaranteed Debt and shall remain in full force and effect until the Guaranteed Debt, and any other amounts payable under this Guaranty, are paid in full. This Guaranty shall continue to be effective, or be reinstated, as if such payment had not been made, if at any time any payment of any portion of the Guaranteed Debt is rescinded or must be restored or returned by Lender to Borrower upon the insolvency or bankruptcy of the Borrower or otherwise This Guaranty shall: (i) bind Guarantor and Guarantor's executors, administrators, *successors and assigns*, [emphasis added] provided that Guarantor may not assign rights or obligations under this Guaranty without Lender's prior written consent; and (ii) inure to the benefit of Lender and its successors and assign [Guaranty ¶ 3].

18.    The Guarantees are governed by Georgia law and all others who become liable for or are bound by the Loan, who are subject to jurisdiction and venue in Georgia or in any action arising out or relating to the Loan [Guaranty ¶¶ 11, 13, 19, Note ¶¶ 24] which Business and Debtors, adopted and ratified.

19.    The property and assets of Debtors and all others who become liable for or are bound by the Loan are encumbered as collateral for the Loan per the

7

Note, Security Agreement and Guarantees, or as otherwise required, which Debtors assumed, adopted and ratified.

20.     Plaintiff may enforce the Loan as to the Debtors and all others who become liable for and are bound by the Loan under the Guarantees, such as KAJ and KAJI, with its same methods and remedies in the Note such as the Security Agreement [Guaranty ¶¶ 13, 19].

21.     At the Closing, Debtors executed a Debit Agreement with Business to Plaintiff, authorizing Loan payments from their account into Plaintiff's account, certifying its purpose and their account, which Defendants ratified and adopted.

22.     At the Closing, Debtors/Business received the Funds by wire transfer into their account from that of Plaintiff, which all Defendants ultimately ratified.

23.     Business, Debtors, KAJ and KAJI assumed and adopted and ratified the Note, Guaranty, Security and Debit Agreements [Instruments] and are liable for the Loan, as Debtors operated Business KAJ and KAJI as an enterprise, sharing their offices, officers, staff, property and assets and conducted similar businesses, such as real estate investment and event management. All businesses were operated from residences of Debtors and owed by Debtors alone or Business was owned by KAJI and Debtors and operated from property owned by KAJ, 3046 Van Buren Avenue, Ogden UT 84403

24.     The Instruments secure and encumber the property and assets of Defendants, such as but not limited to the below ones:

(a)     The proceeds of the 11/20/20 sale of 1315 Marilyn Drive, Ogden UT 84403, owed by Debtors at the time of the Closing, valued over $76,000.00, as identified in the Guarantees.

(b)     3046 Van Buren Avenue, Ogden UT 84403, Parcel # 04-014-0011, owned by Debtors through KAJ at the time of the Closing, from which Business was operated and headquartered as identified in the Note, valued over $76,000.00.

(c)     1433 Washakie Circle, Ogden UT, 88415, Parcel # 07-288-0011 owned by Debtors at the time of the Closing, valued over $76,000.00.

(d)     The interests of Debtors in KAJ and KAJI, of which they are agents, owners, members and officers, which they owned at the time of the Loan.

(e)     KAJ and KAJI became liable" for the Loan, are "successors and assigns" of the other Defendants otherwise subject to the Instruments, which share the same management, business and operations with Business, conducted to satisfy their debts or in a fraudulent attempt to avoid satisfying the Loan.

(f)     KAJ and KAJI are closely related to Business and Debtors and was foreseeable they would be bound by the Loan, whose rights are derivative of the Business and Debtors whose conduct requires this result.

(g)     These and other properties and assets of the above Defendants are not subject to a homestead or other protection or exemption, waived by the Instruments or by their misconduct, which were purchased, improved or maintained with the Funds, or are otherwise invalid.

(h)     The properties and assets of Defendants are subject to any UUC-1 or other notice as to the Loan and Instruments by Plaintiff and to jurisdiction here.

25.     The Instruments, when read together, are the commercial Loan, that "absolutely and unconditionally" promises its "payment and collection" [Note ¶¶ 2, 14, Guaranty ¶¶ 1-3]. Defendants are "liable for its amounts due" including KAJ and KAJI as "successors and assigns" of Debtors and Business [Note ¶ 13, Guaranty ¶¶ 3]. It bars their claims, offsets and defenses except payment [Note ¶¶ 13-14, Guaranty ¶¶ 2]. It provides for payment of interest, costs, other charges and attorney's fees [Note ¶¶ 2, 5, 8, 10, Guaranty ¶¶ 1, 7]. It is enforceable by remedies Plaintiff may simultaneously pursue, including on the debt and Security Agreement [Note ¶¶ 21, 25, Guaranty ¶¶ 13, 19]. It was ratified by Defendants who accepted and retained the Funds.

26.     Business and Debtors breached and defaulted upon the Instruments, such as but not limited to misrepresentations when obtaining the Loan, defaulting just after the Closing, failing to make payments, obtaining unapproved loans,

dissipating, disposing of and benefitting from property and assets secured by the Loan, such as those of Business, which they did not cure even after demand by Plaintiff. These matters require equitable relief which there is no adequate legal remedy, given the loss of the Business, its property and assets as collateral for the Loan for which they are liable.

27.     Plaintiff owns and holds the defaulted Instruments, which has standing to enforce them prior to commencing suit, whose principal balance and value exceeds $76,000.00, with attorney's fees, pre-judgment interest and other charges as provided by law and their terms [Note ¶¶ 2, 5, 7, 8, 10, 12, Guaranty ¶¶ 1, 7]

28.     Plaintiff reasonably relied upon the representations of Defendants and and paid the Funds to them, which closed the Loan with them as a result.

29.     Defendants accepted the Funds and are fraudulently or wrongly unjustly enriched by them, retaining them, their property and assets.

30.     Defendants are indebted to Plaintiff for the Funds, of which their property and assets are secured as collateral per the Instruments.

31.     All interests in the property and assets of Defendants are subject to, subordinate and inferior to Plaintiff's interest, of which they had notice or knowledge, who are not prejudiced or subjected to injustice by the relief sought.

32.     All conditions precedent to occurred, were fulfilled or waived or their occurrence or fulfillment were unnecessary or futile.

## COUNT I: ENFORCEMENT OF SECURED INSTRUMENTS AND RELATED RELIEF AS TO ALL DEFENDANTS

33.     ¶¶ 1-32 are incorporated.

34.     The Instruments are intended to bind the recipients and beneficiaries of the Funds, such as Defendants, which they assumed, adopted and ratified.

35.     The Instruments are secured by all property and assets of Business and Debtors, by their terms and or due to their conduct, which they assumed, adopted and ratified. including the interests of Debtors and Business in KAJ and KAJI.

36.     Business and Debtors breached the Instruments requiring their enforcement as to their property and assets per these terms or per their conduct.

37.     Business and Debtors accepted the Funds, which they wrongfully retain, who are otherwise unjustly enriched by retaining them with their property and assets, including those held by KAJ and KAJI.

38.     Defendants cannot enjoy any beneficial interest in their property and assets without violating equitable principles, due to their misconduct.

39.     The Instruments are enforceable as to the property and assets of the Defendants, as a secured debt, for which there is no adequate legal remedy, requiring equitable relief, which will not prejudice anyone.

40.     Per 28 U.S.C. § 2201 and applicable law, Plaintiff requests the Court declare and establish that all Defendants are liable for the Instruments, which are a secured interest in their property and assets, enforceable as an equitable lien or mortgage, constructive trust or like remedy, without waiver of its other remedies, relating back to their execution, granting all just relief, such as its other relief pled

## COUNT II: BREACH OF INSTRUMENTS AND RELATED RELIEF AS TO BUSINESS AND DEBTORS

41.     ¶¶ 1-32 are incorporated.

42.     Business and Debtors consented to and ratified the Instruments by accepting the Funds, for which they are liable as co-guarantors and obligors.

43.     Business and Debtors breached the Instruments, failed to make payments and did not otherwise comply with their terms, now in default and due.

44.     Plaintiff accelerated the principal balance of its defaulted Instruments of which Business and Debtors were given notice or was not required or is futile and the Instruments provide for payment of Plaintiff's attorney's fees and costs.

45.     Per O.C.G.A. § 13-1-11, Business and Debtors are notified unless all principal, interest and other charges due under the Instruments are paid within 10 days of service of this Complaint, then Plaintiff can enforce and invoke the fees provisions of the Instruments and they will be indebted for its fees and costs.

46.     Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest

with any charges as provided by the Instruments and as provided by law.

47.     Plaintiff demands judgment for its damages on the Instruments as to

Business and Debtors for a principal balance of at least $76,000.00, plus fees,

interest, costs and its other charges, plus all just relief such as its other remedies.

**COUNT III: UNJUST ENRICHMENT AND
RELATED RELIEF AS TO ALL DEFENDANTS**

48.     ¶¶ 1-32 are incorporated.

49.     Defendants induced and encouraged Plaintiff to confer the Funds

upon them through Debtors of which they assumed, adopted and ratified.

50.     Plaintiff provided the Funds to Defendants, expecting their

repayment, of which they appreciated, consented, benefitted and ratified.

51.     Defendants retained the Funds which should be repaid, who are

otherwise unjustly enriched by them at Plaintiff's expense.

52.     Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest and

other costs and charges as provided by law.

53.     Per O.C.G.A. § 9-2-7 and applicable law, Plaintiff demands judgment

as to Defendants for the Funds, costs and all just relief, such as an equitable lien,

equitable mortgage or constructive trust on their property and assets.

## COUNT IV:  ATTORNEY'S FEES AND RELATED RELIEF AS TO ALL DEFENDANTS

54.     ¶¶ 1-32 are incorporated.

55.     Defendants acted in bad faith by their misconduct, refusing to resolve the matters, requiring Plaintiff to bring the action and incur costs and fees.

56.     Defendants were stubbornly litigious as there was no dispute of their liability, which caused Plaintiff the unnecessary trouble/expense to bring suit.

57.     Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest plus any charges provided by the terms of the Instruments.

58.     Per O.C.G.A. §13-6-11 and applicable law, Plaintiff demands judgment against Defendants for its fees, costs and just relief, including its other remedies, if these are not otherwise granted.

59.     Defendants are not minor(s) or adjudged incompetent; were not in the military for the last 30 days and not subject to protection per 50 U.S.C. § 3901.

## CERTIFICATE OF COMPLIANCE

Per L.R.  5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times Roman 14-point typeface.

Respectfully submitted this 27th day of September 2021.

By:   */s/Paul G. Wersant*
Paul G. Wersant
Georgia Bar No. 748341
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff IOU
File No. 151629

16